IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAVID O. ALEGRIA,

              Plaintiff,

  vs.                                         Case No. 19-4046-SAC-KGG

DAVID SEAN PROCTOR, and
SUSAN LEIGH PROCTOR

              Defendants.

MEMORANDUM AND ORDER

On June 7, 2019, the plaintiff David O. Alegria ("Alegria") filed an opening pleading entitled, "Notice of Removal, pursuant to 28 U.S.C. 1441(a), Petition for Writ of Habeas Corpus, and Emergency Motion for Return of Child." ECF# 2.[1] The plaintiff Alegria alleges he is "legal custodian, father by estoppel and de factor father" of a minor child who is the subject of an adoption proceeding pending in Shawnee County District Court. ECF# 2, p. 1-2. He also attaches a state court order that grants temporary custody of the minor child to the defendants, David Sean Proctor and Susan Leigh Proctor, the adoptive couple and petitioners in the state adoption

---

[1] The court construes this pleading as seeking federal jurisdiction only under the federal removal statutes discussed later. On the docket sheet prepared by Alegria, who is an attorney, he checked the origin of this action as only "Removed from State Court." ECF# 1. Even if he had filed his pleading as an original action, it would still be subject to immediate dismissal for lack of subject matter jurisdiction. *See Winters v. Kansas Dept. of Social and Rehabilitation Services,* 2011 WL 166708 (D. Kan. Jan. 19, 2011), *aff'd*, 441 Fed. Appx. 611 (10th Cir. 2011), *cert. denied*, 566 U.S. 977 (2012).

1

proceeding. ECF# 2-3. Alegria alleges his legal connection and familial ties to the minor child and asserts what is in the best interest of the child. Alegria argues that Kansas law establishes his ongoing custodial rights and "de facto adoption" of the minor child and that his substantive due process rights and equal protection rights were violated by the "ex parte" order granting temporary custody to the petitioners. ECF# 2. Alegria separately files a pleading entitled, "Notice of Removal," to which he attaches the temporary custody order and state notice of hearing. ECF## 3 and 3-1

Federal removal jurisdiction is statutory in nature, and the governing statutes are to be strictly construed. *Shamrock Oil & Gas v. Sheets*, 313 U.S. 100, 108–09 (1941); see *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 814 (1986). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Section 1441(a) provides that, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, . . . ." Section 1446 which governs the procedure for removal provides that, "A defendant or defendants desiring to remove any civil action form a State court shall file in the district court of the United States . . . ." 28 U.S.C. § 1446(a). Alegria has not attached a copy of the state "initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(a) and (b). There is no pleading

showing him to be a defendant in the state proceeding and no basis for believing he was named as a defendant such that he even qualifies as a party entitled to seek removal.

Removal is proper only if this court would have had original jurisdiction. 28 U.S.C. § 1441(a). The Tenth Circuit has squarely held that there is no removal jurisdiction over a state child custody proceeding:

> Under 28 U.S.C. § 1441(a), a defendant in a state court civil action may remove the action to federal court if the federal court has original jurisdiction over the action. In other words, removal is reserved for those cases "that originally could have been filed in federal court." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987). "This jurisdictional prerequisite to removal is an absolute, non-waivable requirement." *Brown v. Francis*, 75 F.3d 860, 864 (3d Cir.1996).
> Here, the underlying state court civil action involved child custody. Because Lamb could not have initiated this action in federal court, Hunt could not remove it to federal court. It is well-established that federal courts lack jurisdiction over "'[t]he whole subject of the domestic relations of husband and wife, [and] parent and child.'" *Ankenbrandt v. Richards*, 504 U.S. 689, 703, 112 S.Ct. 2206, 119 L.Ed.2d 468 (1992) (quoting *In re Burrus*, 136 U.S. 586, 593–94, 10 S.Ct. 850, 34 L.Ed. 500 (1890) (first alteration in original)); see also 28 U.S.C. § 1331 (giving district courts original jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States"). As the district court lacked jurisdiction over Hunt and Lamb's child custody dispute, it was required by 28 U.S.C. § 1447(c) to remand the action to state court.

*Hunt v. Lamb*, 427 F.3d 725, 726–27 (10th Cir. 2005). "A defense that raises a federal question is inadequate to confer federal jurisdiction." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). Similarly, this court has been affirmed by the Tenth Circuit that no removal jurisdiction exists over a state adoption proceeding. *In re Adoption of Baby C*, 323 F.

Supp. 2d 1082 (D. Kan. 2004), *aff'd,* 138 Fed. Appx. 81 (10th Cir. Jun. 10, 2005). The Tenth Circuit held:

> Second, and equally fatal, the underlying state court adoption case did not state a federal question on the face of the plaintiff's properly pleaded complaint; here the adoptive parents' petition for adoption. Adoption is quintessentially a state law issue and all of the Price's claims in federal court constitute putative defenses or counterclaims to the adoption based on federal law. . . . This is precisely the type of case that is meant to be excluded from removal by the properly pleaded plaintiff's complaint rule articulated in *Caterpillar*. Thus, the district court lacked subject-matter jurisdiction and was correct to remand the cases to state court based on procedural defects and lack of jurisdiction.

*Baby C v. Price*, 138 Fed. Appx. 81, 84 (10th Cir. 2005).

Having no subject matter jurisdiction of this case, the court shall not address any other pending matters and arguments and promptly dismisses the action without prejudice for lack of subject matter jurisdiction and orders its remand to state court.

IT IS THEREFORE ORDERED that this action is subject to immediate dismissal without prejudice for lack of subject matter jurisdiction and the case No. 2019-AD-000068 from the District of Shawnee County, Kansas is remanded, and the Clerk of the Court is directed to mail a certified copy of this order to the clerk of that district court.

Dated this 11h day of June, 2019, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge